Geeen, Judge,
delivered the opinion of the court:
This case has been referred to us by a joint resolution of Congress. The plaintiff is a cooperative association organized for the purpose of marketing wheat produced by its farmer members and to. which loans were made by the Federal Farm Board. It alleges that it lost $102,622.77 through withholding the grain of the 1930 crop from the market on which it had made advances to its members in the form of loans on their grain in order to stabilize prices, this being the difference between the amount loaned by plain *202 tiff to its members and the amount received from the sale of grain upon which these loans were made. The findings show that the plaintiff lost $89,106.52 by withholding grain from the market during the stabilization operations of the Board.
The plaintiff alleges that there was an agreement or understanding between it and the Federal Farm Board, acting through Samuel B. McKelvie, a member of the Board, that the defendant would protect plaintiff from any loss by reason of withholding grain from the market during stabilization operations of the Federal Farm Board on the 1930 crop by protecting its margins on loans by plaintiff to its members, but the testimony does not sustain this allegation. The evidence as a whole shows that during the period involved the Farm Board, acting through the Stabilization Corporation, in the interest of the wheat growers of the country generally, was endeavoring to prevent a decline in the market price of wheat and that its efforts had a beneficial result.
We think the findings show the facts in the case so clearly as to make unnecessary any repetition or further discussion thereof. We are required to investigate and report to Congress whether there is any legal or equitable obligation on the part of the United States to reimburse the plaintiff for the whole or any part of such loss. In Tillson v. United States, 100 U. S. 43, the Supreme Court in a similar case said:
To our minds the word “equitably,” as here used, means no more than that the rules of law applicable to the case shall be construed liberally in favor of the claimants.
Even when the law is construed “liberally in favor of the claimants” it is evident that the facts do not show any legal or equitable obligation on the part of the United States to reimburse the plaintiff for its losses. The resolution, however, goes farther and includes in the scope of the investigation a “moral obligation.” We have included in the findings of fact such matters as we consider might bear upon the question of whether there was a moral obligation, but we do not think the determination of this question comes within the province or jurisdiction of a court which is established *203 to determine questions of fact and the law as applicable thereto. We therefore express no opinion on that point which is a matter for Congress itself to determine.
As this is not a suit in which a judgment can be rendered, we have merely included the facts with reference to the counterclaim in the findings.
Pursuant to the resolution, the findings of fact and conclusions of the court upon the legal questions as shown above will be reported to Congress.
Williams, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.